IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BETTE S. CARLETON,

     Plaintiff,

vs.                                           No. CIV 99-965 MV/DJS

WAL-MART STORES, INC.,

     Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Plaintiff's motion to tax costs and appoint expert witness, filed September 20, 2000 **[Doc. No. 91]**.  The Court, having fully considered the motion, response, reply and relevant law, and otherwise being fully informed, finds that the motion will **granted in part and denied in part.**

## BACKGROUND

Plaintiff brought this claim against Wal-Mart Stores, Inc. for injuries sustained when she slipped and fell at the Wal-Mart Store in Belen, New Mexico.  A verdict was rendered for plaintiff on September 13, 2000 following a jury trial.  Plaintiff was found to be 0.5% comparatively negligent for her injuries.  The net award to plaintiff was $149,250. Pursuant to Federal Rule of Civil Procedure 54, Plaintiff now moves for the Court to Tax Costs and appoint Dr. David Bernstein as an expert.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 54(d)(1) authorizes the taxing of costs "to a prevailing party unless the court otherwise directs." *See Klein v. Grynberg*, 44 F.3d 1497, 1506 (10th Cir. 1995). The scope of taxable costs is defined in 28 U.S.C. § 1920 and District of New Mexico Local Civil Rule 54 (D.N.M.LR-Civ. 54). The items proposed by parties as costs should always be given careful scrutiny. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964). Therefore, the prevailing party has the burden of proving that the expenses sought to be taxed fall within the applicable categories. *See, e.g., Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1208 (10th Cir. 1986); *Green Construction Co. v. Kansas Power and Light Co.*, 153 F.R.D. 670, 675 (D. Kan.1994). If the prevailing party carries this burden, a presumption arises in favor of taxing those costs. *U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988).

**ANALYSIS**

A.      **Bill of Costs**

Plaintiffs request that the Court tax costs for various litigation expenses. Defendant objects to several of the items on the bill of costs as outside the scope of 28 U.S.C. § 1920 and D.N.M.L.R.-Civ.54. The Court will address each disputed item in turn.

1.  Deposition Transcripts

Under D.N.M.L.R.-Civ. 54.2(b)(1) a prevailing party may tax the cost of deposition transcripts which are "reasonably necessary to the litigation." A deposition is considered reasonably necessary to the litigation when: (a) a substantial portion of the deposition is admitted

into evidence or used at trial for impeachment purposes; (b) the deposition is used by the Court in

ruling on a motion for summary judgment; or (c) the Court so determines.

D.N.M.L.R.54.2(b)(2).  Section 1920 permits recovery for the costs of taking, transcribing, and

copying depositions necessarily obtained for use in the case. *Furr v. AT & T Techs, Inc.*, 824

F. 2d 1537, 1550 (1987) (citing 28 U. S. C. § 1920(2), (4)). Whether a deposition has been

necessarily obtained is a question of fact to be determined by the Court. *See Callicrate v.

Farmland Indus., Inc.*, 139 F. 3d 1336, 1340 (10th Cir. 1998) (citing *United States Indus.*, 854 F.

2d at 1245). The Court is to judge reasonable necessity under § 1920  in light of the facts known

to the parties at the time the expenses were incurred, recognizing that caution and proper

advocacy may make it incumbent on counsel to prepare for all contingencies which may arise

during the course of litigation. *Id.*

   Plaintiffs request that the Court tax costs for deposition transcripts for several witnesses,

including David Bernstein, M.D., Martin Dominguez, Kevin Davis, Dannie Mae Golden,

Fernando Najera, Eloy Barela, Harl Burton Barnar, Rhonda Sanchez and Bette Carleton.

Defendants do not dispute that the Court should tax costs for the deposition transcripts of Harl

Burton Barnar, Rhonda Sanchez or Bette Carleton, or for $306.06 for the transcription of Dr.

Bernstein's testimony that was presented at trial.   Defendant states that costs should not be

awarded for the $301.57 cost of the videotaping and transcription of Dr. Bernstein's deposition.

Defendant also disputes that the deposition testimony of Martin Dominguez, Dannie Mae Golden,

Fernando Najera and Eloy Barela are not recoverable because they were not called as witnesses at

trial, and therefore that the depositions were not "reasonable necessary" to the litigation.  Finally,

defendants dispute that Mr. Davis' deposition transcript is recoverable, because Mrs. Carleton has

failed to identify the separate charge for Mr. Davis' transcript.

Plaintiff supports her request for the cost of transcribing and videotaping Dr. Bernstein's deposition because the parties agreed to the testimony of Dr. Bernstein's testimony by videotape to save both parties money.  The Court agrees with plaintiff that under the circumstances of this case, the transcript of Dr. Bernstein's videotaped testimony was reasonably necessary to the litigation.  The Court finds that the videotaping and transcription of the videotaped testimony should be taxed as costs.

Plaintiff further supports her request for the cost of the deposition transcripts of Martin Dominguez, Dannie Mae Golden, Fernando Najera and Eloy Barela by pointing out that these individuals were on Defendant's list of witnesses that it intended to call at trial, and thus were reasonably necessary for the litigation.  Depositions taken solely for discovery are not taxable as costs, *Furr*, 824 F. 2d at 1550 (internal quotations omitted) (quoting Bartell, Taxation of Costs and Awards of Expenses in Federal Court, 101 F. R. D. 553, 569 (1984)), and the most direct evidence of necessity is the actual use of the materials obtained by counsel or by the court, *Callicrate*, 139 F. 3d at 1340 (internal quotations omitted) (quoting *United States Indus.*, 854 F. 2d at 1245-46). The Court, however, may find necessity and award costs for materials reasonably necessary for use in the case, even if they are not used at trial. *See id.* (quoting *United States Indus.*, 824 F. 2d at 1245-46).  The depositions of these witnesses were not taken to conduct discovery.  These were witnesses whom the defendant indicated it was going to call at trial; plaintiff took their depositions in preparation for trial. Therefore, the Court finds that the costs of the deposition transcripts of Martin Dominguez, Dannie Mae Golden, Fernando Najera and Eloy Barela are properly taxed under D.N.M.L.R.-Civ.54.2(b)(2).

Finally, the Court finds that the transcript of Kevin Davis' deposition may be taxed as costs. Mr. Davis' deposition transcript was reasonably necessary to the litigation. He testified as a witness. The defendant's only objection is that plaintiff did not itemize the cost of Mr. Davis' deposition. In plaintiff's reply, however, plaintiff supplied the itemized cost of the witnesses' depositions. Therefore, defendant's concerns have been satisfied. The Court will tax costs for the deposition transcripts of Martin Dominguez, Kevin Davis, Dannie Mae Golden, Fernando Najera and Eloy Barela in the amount of $768.19.

2.    Jury List/Questionnaire

Plaintiff requests that the $10.00 charged to her by the Court for the jury list and questionnaires be taxed as costs. Defendant argues that there is no rule authorizing this cost and it should therefore be denied. The Court agrees. Plaintiff states that because the Court requests that the parties be familiar with the jury list and questionnaire, it should be taxed as a cost. However, the rules provide only for copies of exhibits when they are requested by the Court. Therefore, the Court will not allow the $10.00 for the jury list and questionnaire to be taxed as costs.

4.    Witness Fees

The recovery of witness costs are authorized under 28 U.S.C. § 1821. Pursuant to this section, a witness shall be paid an attendance fee of $40 for each day in court. Defendant disputes that because Ms. Roybal did not testify at trial, the $80.00 claimed cost for two days of trial appearance is not taxable. The Court does not agree. Ms. Roybal was subpoenaed by Plaintiff and required to attend Court. § 1821(b) states that a witness shall be compensated $40 for each day in court. It is not necessary that the witness actually testify for the $40 per day to be taxed as

5

costs. It is enough that the witness is compensated for being available to testify. *See Spanish Action Comm. of Chicago v. City of Chicago*, 811 F.2d 1129, 1138 (7th Cir.1987); *see also Tays v. Tays*, No. 95-0860 (D.N.M. 1998). Therefore, this Court will allow the $80.00 for Ms. Roybal's witness fee to be taxed as costs.

5.    Service of Process Fees

Plaintiffs request that $46.16 in service of process fees be taxed.  Defendants argue that a private process server's fee is not taxable.  The Court does not agree.  Several courts in this district have found that private process servers fees are taxable, analogizing to the allowance of a marshal's fee for serving a subpoena or summons for a witness. *See Tays v. Tays*, No. 95-0860 (D.N.M. 1998); *Dixon v. Regents of the University*, No. 98-725 (D.N.M. 2000). Under 28 U. S. C. §§ 1920(1), marshal fees are taxable, and under § 1921(a)(1) (B), one of the taxable marshal fees includes serving a witness' subpoena. *See also* Margaret Schulenberger, Annotation, Construction and Application of 28 U. S. C. A. § 1921, Authorizing Fees of United States Marshals to Be Collected and Taxed as Costs, 14 A. L. R. Fed. 901 (1973).  Courts in this district have found that while the language of §1920(1) only allows for a marshal's service fees, the reality of modern practice is that most service is done by private process servers.  In an effort to balance these competing sources of authority, courts have allowed private service of process fees to be taxed but are limited to the amount that a marshal would have charged for performing the same task. *See, e. g., Collins v. Gorman*, 96 F. 3d 1057, 1060 (7th Cir. 1996); *United States ex rel. Evergreen Pipeline Constr. Co., Inc. v. Merritt Meridian Constr. Corp.*, 95 F. 3d 153, 172 (2d Cir. 1996); *Griffith v. Mt. Carmel Med. Ctr.,* 157 F. R. D. 499, 507-08 (D. Kan. 1994).  The Court agrees that the compromise arrived at by other courts is proper.  Therefore, private service

6

of process fees are taxable, so long as those costs do not exceed what the U. S. Marshal Service would have charged for the task and so long as the charged tasks are those which marshals are authorized to perform. *See Collins*, 96 F. 3d at 1060.  Plaintiff submitted two costs for service of process fees. The first cost was for $25.00, for the service of a subpoena on Ellen Simmons. Service of process is a task which marshals are authorized to perform and the service fee does not exceed what that U. S. Marshals Office would have charged. *See* 28 U. S. C. § 1921(a); 28 C. F. R. § 0.114; *see also* 7 United States Marshals Serv., U. S. Dept. of Justice, Policy and Procedures Manual 7-59 to 7-60 (The U.S. Marshal charges $40.00, per deputy, for the first two hours, on any part thereof, during duty hours, and $20.00 for each additional on-duty hour, or any part thereof).  The second service cost submitted by Defendant was for $21.16, for service of a subpoena on Lisa Roybal.  Likewise, this service of process fee does not exceed what the Marshal would have charged and includes tasks which marshals are authorized to perform in serving process. Consequently, the Court will allow the $46.16 in private process server fees.

       6.    <u>Expert Witness Fees</u>

      Plaintiff requests that the Court appoint Dr. Bernstein as an expert witness because his testimony was necessary to prove the case, his qualifications were not in dispute, it was relied upon by both parties, and there was a substantial charge for his testimony.  Only if Dr. Bernstein is appointed by the Court as an expert witness can his costs be taxed.  *See* LR-CV 54.2(c)(2). Defendant objects on the grounds that the Court should not, after trial, appoint an expert witness as court-appointed.  Defendant further contends that Dr. Bernstein was not an expert witness for both sides, but was plaintiff's expert witness.

      The authority to appoint expert witnesses stems from Fed. R. Civ. P. 706. Rule 706(a)

provides in pertinent part:

> The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. An expert witness shall not be appointed by the court unless the witness consents to act. A witness so appointed shall be informed of the witness duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have the opportunity to participate.

The wording of this Rule indicates that it deals with appointment of experts prior to trial. *See United States v. Weathers*, 618 F.2d 663, 664 n.1 (10th Cir. 1980) (citing 3 Weinstein's Evidence 706(02 ) (1978)) (Rule 706 is ordinarily invoked before trial, thus leaving enough time to comply with the Rule's requirements). Nothing in Rule 706 lends support to the proposition that a Court may appoint an expert witness after trial for the purpose of cost-shifting. Plaintiff has pointed to no persuasive authority, and the Court could find none, to support such a proposition.  Therefore, Dr. Bernard's Expert Witness Fee will not be taxed as costs.

      7.    <u>Jury Exhibits</u>

     Plaintiffs request that the Court tax duplicating costs for individual jury exhibit notebooks in the amount of $392.05.  The jury exhibit notebooks were admitted into evidence by stipulation of the parties and by authorization of the Court.  The jury received the exhibit notebooks in place of the original exhibits, which were also admitted into evidence.  N.M.L.R.-Civ.54.2(e) provides that the cost of copying an exhibit is taxable "when the exhibit is requested by the court or when the copy is admitted into evidence in place of the original."  This Court generally favors the parties providing jurors with exhibit notebooks as a means of facilitating their understanding of the case.  Furthermore, the Court expressly authorized the submission of the exhibit notebooks to

the jury.  On this basis, the Court finds that the copying costs of the jury exhibit notebooks in the amount of $392.05 are properly taxed under N.M.L.R. Civ 54.2(e).

**IT IS HEREBY ORDERED** that Plaintiff's motion to tax costs is **granted in part and denied in part**. The total costs to be taxed are $2752.15.  This does not include the expert witness fee for Dr. Bernstein or the cost of the jury list/ questionnaires.

Dated this 23rd day of January, 2001.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff Carleton:                    David Martinez
                                                   Michael Hart

Counsel for Defendant Wal-Mart Stores, Inc.        Lawrence H. Hill