IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BETTE S. CARLETON,

    Plaintiff,

vs.                                                                                  No. CIV 99-965 MV/DJS

WAL-MART STORES, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's motion for an award of prejudgment interest, filed September 15, 2000 **[Doc. No. 90]**. The Court, having fully considered the motion, response, reply and relevant law, and otherwise being fully informed, finds that the motion is well taken and will be **granted.**

The Court must look to New Mexico law to determine whether prejudgment interest may be awarded. *See Flannery Properties v. Ron Byrne*, 2000 WL 781964 (10th Cir. 2000). Under New Mexico law, prejudgment interest may be awarded in the Court's discretion, up to 10% from the date the complaint is served on the Defendant. The Court should consider: (1) if the plaintiff was the cause of unreasonable delay in the adjudication of plaintiff's claims; and (2) if the defendant previously made a reasonably and timely offer of settlement to the plaintiff. *See* NMSA § 56-8-4(B). The Court may consider other equitable considerations as well. As defendants point out, the statute allows prejudgment interest in the Court's discretion "as a management tool or penalty to foster settlement and prevent delay in all types of litigation." *Sunwest Bank v. Colucci*, 872 P.2d 346, 351 (N.M. 1994).

Defendant admits, and the Court so finds, that the first prong of the statute is met. Plaintiff was not the cause of the delay of the adjudication of her claims. The second consideration for the Court is whether the defendant made a reasonable and timely offer of settlement to the plaintiff. The Court finds that the defendant did not. Plaintiff first made an offer on October 29, 1999, and then made another offer on March 17, 2000. Defendant did not respond until July 6, 2000, at the settlement conference with Magistrate Judge Svet. When the defendant did finally make a settlement offer to plaintiff, it was $70,000, roughly two-thirds of what was recommended by Magistrate Judge Svet -- $100,000.

The defendant asserts that it was reasonable to wait until plaintiff's medical expenses were known before it made an offer. However, plaintiff made a settlement offer before it was known what her total medical expenses would be. Whenever a party settles a case in advance of litigation, they run the risk that they will pay more (if the defendant) or be compensated less (if the plaintiff) than would be if they went to trial. No case would ever be settled if the parties waited until they knew what the damages would be before they agreed to settle. Additionally, plaintiff initially claimed roughly $13,000 in medical expenses, and estimated that future expenses would be $4,500. The bulk of plaintiff's claimed damages were for pain and suffering, loss of enjoyment of life, loss of household service and disfigurement. Therefore, for defendant not to make a settlement offer *at all* based upon waiting for additional medical expenses, which by plaintiff's own estimates would be no more than $4,500, is unreasonable. Plaintiff's initial offer was $165,000. Defendant could have simply offered $160,000 in return, deducting all possible future medical expenses, if it was concerned with having to pay for excess expenses not yet incurred by plaintiff.

Further, as defendant points out, plaintiff in fact did underestimate her expenses, and

increased her next settlement offer by $30,000. This undermines defendant's point rather than supports it. This fact shows that a settlement offer may in fact underestimate, or overestimate, the ultimate loss. But that does not mean that settlement offers should not be made. Plaintiff was willing to take the risk; so should the defendant. It is unreasonable for defendant not to have made any offer at all.

The Court finds that, in order to foster settlement, it will award prejudgment interest against the Defendant. The Court finds that it would have been reasonable for defendant to have made a counteroffer to plaintiff within 20 days of plaintiff's initial offer to the defendant. Therefore, the Court will, in its discretion, award prejudgment interest to the plaintiff, at a rate of 10%, to be calculated from 20 days from the date of plaintiff's first offer of settlement (which would have been November 18, 1999) until the date of the judgment entered by this Court, for the total amount of the judgment.

**IT IS HEREBY ORDERED** that Plaintiff's motion for an award of prejudgment interest is **granted.** Plaintiff is awarded 10% interest of the total damage award, $149, 250, calculated from November 18, 1999 until the date of the judgment entered by this Court, September 14, 2000.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE


Counsel for Plaintiff Carleton:                 David Martinez
                                                Michael Hart

Counsel for Defendant Wal-Mart Stores, Inc.     Lawrence H. Hill