IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BETTE S. CARLETON,

    Plaintiff,

vs.                                                  No. CIV 99-965 MV/DJS

WAL-MART STORES, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's motion for a new trial or a judgment notwithstanding the verdict, filed September 27, 2000 **[Doc. No. 94]**. The Court, having fully considered the motion, response and relevant law, and otherwise being fully informed, finds that the motion is not well taken and will be **denied.**

### BACKGROUND

Plaintiff brought this claim against Wal-Mart Stores, Inc. for injuries sustained when she slipped and fell at the Wal-Mart Store in Belen, New Mexico. A verdict was rendered for plaintiff on September 13, 2000 following a jury trial. Plaintiff was found to be 0.5% comparatively negligent for her injuries. The net award to plaintiff was $149,250. Defendant now moves for a new trial or a judgment notwithstanding the verdict.

## STANDARD OF REVIEW

Judgment as a matter of law against a party on a particular issue is appropriate when "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. Proc. 50(a). The evidence and inferences therefrom must be construed most favorably to the nonmoving party; [the court] may not weigh the evidence, pass on the credibility of witnesses, or substitute [its] judgment for that of the jury. *Magnum Foods v. Continental Cas. Co.*, 36 F. 3d 1491, 1503 (10th Cir. 1994). "When .... the evidence supports a reasonable inference favorable to the jury verdict, the fact that a contrary inference may also be drawn does not mandate the entry of [judgment notwithstanding the verdict]." *Zuchel v. City and County of Denver*, 997 F. 2d 730, 741 (10th Cir. 1993). "Only when 'the evidence points but one way and is susceptible to no reasonable inferences which may sustain the position of the party against whom the motion is made' is [judgment notwithstanding the verdict] appropriate." *EEOC v. University of Oklahoma*, 774 F. 2d 999, 1001 (10th Cir. 1985) (quoting *EEOC v. Prudential Fed. Sav. & Loan Ass'n*, 763 F. 2d 1166, 1171 (10th Cir. 1985), cert. denied, 475 U. S. 1120, 106 S. Ct. 1637, 90 L. Ed. 2d 183 (1986)). *See also Haines v. Fisher*, 82 F. 3d 1503, 1510 ( 10th Cir. 1996) (stating that the United States Court of Appeals for the Tenth Circuit will "find error in the denial of [a motion for judgment as a matter of law] only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion").

In the alternative, Wal-Mart moves for a new trial under Fed. R. Civ. Proc. 59. Motions for new trial are committed to the sound discretion of the trial court, *Deters v. Equifax Credit Information Services*, 981 F. Supp. 1381, 1385 (D. Kan. 1997), and are "not regarded with favor and should only be granted with great caution." *United States v. Kelley*, 929 F. 2d 582, 586 (10th Cir. 1991). "The party seeking to set aside a jury verdict must demonstrate trial error which

constitutes prejudicial error or that the verdict is not based on substantial evidence."

## ANALYSIS

Wal-Mart contends that a new trial should be granted because several trial errors were committed. Alternatively, Wal-Mart asserts that this Court should grant a judgment notwithstanding the verdict because the evidence presented could not support a basis for finding liability.

**A.     Future Shoulder Surgery**

Defendant argues that it was error for the Court to allow Dr. David Bernstein to testify that Mrs. Carleton may have to undergo shoulder surgery. The Court gave a limiting instruction to the jury, stating that the jury was not permitted to award Mrs. Carleton damages for future shoulder surgery, but could consider the possibility of future shoulder surgery as part of Mrs. Carleton's present pain and suffering. Defendant states that the testimony should not have been admitted because it allowed the jury to award damages based upon speculative injury. However, Dr. Bernstein's testimony was admitted to show that Mrs. Carleton had a foundation for the pain and suffering she was *presently* experiencing based upon the information given to her by her doctor that she may have to undergo surgery in the future. Whether or not Mrs. Carleton actually undergoes surgery for her shoulder was not at issue. The importance of Dr. Bernstein's testimony was that it grounded the anxiety Mrs. Carleton felt at knowing that she may have to undergo surgery at a later time. Therefore, neither Dr. Bernstein's testimony, nor the Court's instruction, allowed the jury to award speculative future damages. Therefore there was no error.

**B. Door Stop**

Defendant next claims that it was error to allow the introduction of Plaintiff's Exhibit 30, Door Stop, because the door stop was not relevant to the issue of liability and injected a basis for liability that did not exist as a matter of law. Plaintiff admitted the door stop as an example of the proper door stop that was to be used on the door, rather than the door stop that was actually used and that caused plaintiff to slip and fall. Defendant asserts that there was no evidence presented that the door stop that plaintiff introduced was the correct door stop to use. As plaintiff points out, this is incorrect. Wal-Mart's Risk Management Resource Manual, which was admitted into evidence as Exhibit 11, indicated that "only correct doorstops should be used." The equipment list provided in the same manual referenced a door stop. Plaintiff introduced that door stop as Exhibit 30. The store manager, contrary to defendant's assertion, actually testified that the door stop referenced in the Manual was in fact the same door stop as Exhibit 30. The Court agrees with plaintiff that the doorstop was clearly relevant as the more appropriate, one referenced in Wal-Mart's own Risk Management Resource Manual, as a doorstop that could and should have been used. Further, Wal-Mart's own Risk Manager, Hal Barnard, testified that if he had noticed the black block, over which plaintiff slipped and fell, he would have removed it and instructed the employees to use a proper door stop. Exhibit 30, by Wal-Mart's own documents, and by the testimony of Wal-Mart employees, was the proper door stop. Therefore, there was no error in admitting it into evidence.

**C. Loss of Enjoyment of Life**

Defendant next argues that it was error for the Court to instruct the jury on the loss of

4

enjoyment of life. Defendant argues that there is no New Mexico case law holding that loss of enjoyment of life is a separate element of damages. However, this was not the Court's instruction. The Court instructed the jury that loss of enjoyment of life was to be considered as an element of plaintiff's pain and suffering. Although defendant is correct that there is not an instruction in the Uniform Jury Instructions on loss of enjoyment of life, there is ample case law in New Mexico allowing loss of enjoyment of life to be considered as a part of plaintiff's pain and suffering award. Hedonic damages first appeared as recoverable in substantive New Mexico law in *Romero v. Byers*, 117 N.M. 422, 872 P.2d 840 (1994) in the posture of possible recovery under New Mexico's Wrongful Death Act. In *Sena v. New Mexico State Police*, 119 N.M. 471, 892 P.2d 604 (Ct. App. 1995), the New Mexico Court of Appeals extended this ruling by squarely holding that "the rule that damages are recoverable for the value of the loss of enjoyment of life itself whether or not the injured party is deceased." *Id.,* 119 N.M. at 477.

In *Sena*, the Court's language indicates that loss of enjoyment of life is an element of pain and suffering: "there are two aspects of nonpecuniary damages embraced within the concept of fair and just compensation and that '[p]ain and suffering devolves from (1) that which the plaintiff must newly endure and (2) that which the victim may no longer enjoy." *Sena*, 892 P.2d at 610 (quoting *Romero*, 872 P.2d at 846). Moreover, the Fifth Circuit Pattern Jury instructions include loss of enjoyment of life as an element of pain and suffering:

> It is within the province of the jury to determine whether or not the plaintiff is due any general damages, which encompasses "physical pain and suffering, including physical disability, impairment and inconvenience, and the effect of plaintiff's injuries on the normal pursuits and pleasures of life and mental anguish caused by disability."

5

U.S. Fifth Cir. Dist. Judges Assoc., Pattern Jury Instructions Civil Cases, 1992 ed., p. 170. And in *Badeaux v. Rowan Companies, Inc.*, 1991 WL 195469 (E.D. La. 1991), the court noted that "[d]amages for loss of enjoyment of life or 'hedonic' damages are not recognized as a separate element of recovery in the Fifth Circuit.... [T]hese types of losses are included as part of pain and suffering." *Id.* Therefore, the Court finds no error.

### D. Plaintiff's Videotaped Statement

Defendant next contends that it was error for the Court to admit the videotape of plaintiff immediately after the accident as it was unsworn and prevented the defendant from cross-examining plaintiff. When plaintiff testified at trial, while she was under oath, she adopted the videotaped statements as her own. Moreover, the Court, in allowing the videotape, specifically found that defendant would be able to cross-examine plaintiff regarding her statements in the videotape. The defendant was not denied the right to cross-examine the plaintiff. Nor has the defendant pointed to any specific point on which it was denied the ability to cross-examine plaintiff. Moreover, defendant baldly asserts that the videotape was "staged" and "artificial." However, the defendant does not state the basis for this assertion. This Court reviewed the videotape in advance of trial and determined that it was reliable and probative of the issue of plaintiff's injury because it was taken closer in time to the actual fall than trial testimony would be. Therefore, there was no error.

### E. Directed Verdict

Defendant finally claims that it was error for the Court to deny its motion for a directed

6

verdict. The standard for granting a directed verdict and judgment notwithstanding the verdict is the same - the Court must examine the record in the light "most favorable to the party against whom the [motion] is sought, and if, on the basis of the evidence and inferences to be drawn therefrom, reasonable and fair-minded persons might form different conclusions as to the facts in issue, a directed verdict [or judgment notwithstanding the verdict] is improper." *Danner v. International Medical Marketing, Inc.*, 944 F.2d 791, 793 (10th Cir.). "A j.n.o.v., like a directed verdict, should only be granted where the evidence is such that a reasonable jury could only reach one conclusion." *Id.* The standard is a demanding one, and the Court finds that the defendant has not met it.

Defendant cites one case for the proposition that there is no basis in liability when a reasonable inspection and prevention program is in place by the premises owner. *See Lewis v. Barber's Super Markets, Inc.*, 384 P.2d 470 (1963). However, as plaintiff points out, *Lewis* does not present the same facts as this case. In *Lewis*, the defendant was found guilty of negligence for not having cleaned up the debris that customers dropped or left in the aisles. The Court found that the jury could not have properly found negligence where the premises owner had a reasonable inspection and prevention program. *Id.* at 472. In this case, however, Wal-Mart's negligence did not stem from the employees' lack of due care in removing the obstacle. Rather, Wal-Mart employees were responsible for placing the black block in harm's way in the first place. Defendant cites no case that denied liability on facts similar to this case. Looking at the record in the light most favorable to the party against whom the motion is sought, the Court finds that, on the basis of the evidence and inferences drawn therefrom, reasonable and fair-minded persons

might form different conclusions as to the facts in issue. Therefore, a judgment notwithstanding the verdict is improper.

      **IT IS HEREBY ORDERED** that Defendant's motion for a new trial for a judgment notwithstanding the verdict is **denied**.

Dated this 6th day of February, 2001.

                                                                                _____
                                                                                 MARTHA VAZQUEZ
                                                                                 UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Counsel for Plaintiff Carleton: | David Martinez |
| | Michael Hart |
| Counsel for Defendant Wal-Mart Stores, Inc. | Lawrence H. Hill |